UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER TUNG, et al.,

                              Plaintiffs,

                -v-                                    18-CV-1611 (JPO)

BRISTOL-MYERS SQUIBB                              OPINION AND ORDER
COMPANY, et al.,

                              Defendants.

J. PAUL OETKEN, District Judge:

This is a putative shareholder class action against Bristol-Myers Squibb Company and its

executives. The crux of the Plaintiffs' allegations is that Bristol-Myers Squibb misled investors

about the efficacy of one of its drugs, and that Plaintiffs' stock value dropped as a result. Six

movants sought to be appointed lead plaintiff. For the reason that follow, the Court appoints

Arkansas Public Employees Retirement System and Louisiana Sheriffs Pension & Relief Fund

(collectively, "APERS") as lead plaintiffs. The Court also approves APERS's choice of

Bernstein Litowitz Berger & Grossmann LLP as lead counsel on behalf of the proposed class.

## I.      Legal Standard

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a court is to

appoint as lead plaintiff the member or members of the purported class who are the "most

capable of adequately representing the interests of class members," referred to in the statute as

the "most adequate plaintiff." 15 U.S.C. § 78u–4(a)(3)(B)(i). The PSLRA establishes a

rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" that

(1) "has either filed the complaint or made a motion in response to a notice"; (2) "in the

determination of the court, has the largest financial interest in the relief sought by the class"; and

(3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*

§ 78u–4(a)(3)(B)(iii)(I).  This presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78u–4(a)(3)(B)(iii)(II). Finally, as to the selection of lead counsel, the PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  *Id.* § 78u–4(a)(3)(B)(v).

## II.    Discussion

The original plaintiff, Jennifer Tung, has not formally moved to be appointed lead plaintiff, and she has not made a submission showing the total amount of losses she allegedly suffered.  In her stead, six movants vied to represent the class.  One by one, however, all movants except APERS either withdrew their motions or recognized that APERS has shown that it suffered the greatest loss.  Defendants have taken no position on these motions.

The only major distinction between the movants is the amount of loss suffered.  Since the competing groups of plaintiffs are nearly identical in all other respects, the amount of loss is dispositive in favor of APERS.  *See Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133, 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) ("It is well settled that financial loss . . . is the most important element of the test.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alterations and internal quotation marks omitted). APERS's losses amount to $3,040,692.48 using the first-in-first-out method, or $2,026,634.36 using the last-in-first-out method.  (*See* Dkt. No. 26-4.)  None of the other movants claim to have suffered greater losses.

**III.     Conclusion**

For the foregoing reasons, the motion at Docket Number 24 is GRANTED.  The motions at Docket Numbers 7, 9, 13, 16, and 20 are DENIED.  The motion at Docket Number 31 is DENIED as moot.

Arkansas Public Employees Retirement System and Louisiana Sheriffs Pension & Relief Fund are appointed as lead plaintiffs.  The Court approves Bernstein Litowitz Berger & Grossmann LLP, as lead counsel for the class.

SO ORDERED.

Dated:  May 16, 2018
        New York, New York

_____
                J. PAUL OETKEN
              United States District Judge